THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v*. ANTHONY J. PANTANO, Appellant.

Crimes — murder in first degree — statement of defendant admitting guilt — inadmissible when made under influence of fear produced by threat — erroneous holding that there was no evidence to sustain finding that statement should be disregarded for that reason.

1. A defendant upon trial for murder in the first degree is entitled to a charge to the jury that they must disregard a statement of defendant admitting guilt completely if upon the evidence they find it was obtained under the influence of fear produced by threats.

2. Testimony of the defendant that he made certain incriminating statements because police detectives told him that he had got the police captain " all red hot; * * * that the police captain was a powerful man " and that even if the defendant's story of giving the information under compulsion was true, he would " burn " unless he would satisfy the police captain and " get under his wing " by saying that " you went into this thing of your own free will for

money," is sufficient, if believed, to warrant an inference by the jury of an implied threat that the police captain's influence would be used against the defendant. If the jury found that threat was implied and that the statement was made under the influence of fear produced by this threat, the statement was inadmissible, and the trial justice was in error in holding that there was no evidence to sustain a finding that the statement should be disregarded upon the ground that it was made under the influence of fear. produced by threats.

(Argued December 4, 1924; decided February 3, 1925.)

APPEAL from a judgment of the Supreme Court, rendered March 3, 1924, at a Trial Term for the county of Kings, upon a verdict convicting the defendant of the crime of murder in the first degree.

*John E. Ruston* amd *Marshall Snyder* for appellant. The court committed reversible error in ruling on requests of defendant to charge. (*People* v. *McMahon,* 15 N. Y. 384; *People* v. *Leonardi,* 143 N. Y. 360; *People* v. *Phillips,* 42 N. Y. 200; *People* v. *White,* 176 N. Y. 331; *People* v. *Ferola,* 215 N. Y. 285.)

*Charles J. Dodd, District Attorney* (*Henry J. Walsh* and *James I. Cuff* of counsel), for respondent. The trial court did not err in its rulings on the appellant's requests for instructions to the jury. (*People* v. *Odell,* 230 N. Y. 481; *People* v. *Johnson,* 185 N. Y. 219; *People* v. *Katz,* 209 N. Y. 311; *Balbo* v. *People,* 80 N. Y. 484; *Cox* v. *People,* 80 N. Y. 500; *People* v. *Chapleau,* 121 N. Y. 266; *People* v. *White,* 176 N. Y. 331; *People* v. *Buffom,* 214 N. Y. 53; *People* v. *Chapman,* 224 N. Y. 463; *People* v. *Rogers,* 192 N. Y. 331.)

LEHMAN, J. The defendant Pantano undoubtedly furnished to the other defendants who have been convicted of the murder of William S. Barlow information as to the usual customs and methods of the messengers of the West End Bank in transporting the funds of the

27

bank for deposit in another bank. Based upon this information the other defendants concocted a plan to rob the messengers and in carrying out this plan they killed the messengers. At the time of the murder the defendant Pantano was engaged in an entirely innocent occupation some distance away from the scene of the crime. He had no connection with the robbery or the murder except through the giving of this information. He did not run away or hide after he learned of the murder. Until his arrest he had borne an excellent reputation and there is no evidence of association with evil characters other than his association with the men who have been found guilty of the murder of the bank messengers. Inferentially it appears that he has received no share of the proceeds of the robbery though there is some evidence that he was promised that he would receive some part thereafter. Whether or not he was to receive any share of the proceeds of the robbery is perhaps the crucial question in this case. If he gave the information with a view to assisting in the commission of a robbery upon promise of reward he was a guilty participant in the conspiracy and criminally liable for the results of that conspiracy; if as he claims he gave that information without any purpose of assisting in a robbery without promise of reward and because he was forced to do so by the threats of evil-doers to destroy his family and himself, then the element of willful participation in the conspiracy is wanting and he is the victim rather than the perpetrator of a wrong. When arrested he first maintained his innocence of any willful wrong and insisted that his complicity was involuntary but subsequently he made a statement in which he admitted that he had given the information upon a promise that he should receive ten per cent of the proceeds of the robbery. If that statement was voluntarily given, the guilt of the defendant was conclusively established, but the defendant maintained on the witness stand that he recanted his story of com-

pulsion and made the incriminating statements because police detectives told him that he had got the police captain " all red hot; " " that the police captain was a powerful man " and that even if the defendant's story of giving the information under compulsion was true, he would " burn " unless he would satisfy the police captain and " get under his wing " by saying that " you went into this thing of your own free will for money."

The Legislature recognizing that an apparent admission of guilt may sometimes be obtained under circumstances which render its probative value so doubtful that it should be disregarded by the jury has declared that a confession is inadmissible " when made under the influence of fear produced by threats."

A threat may be implied as well as expressed and the fear engendered is alike in each case. If the defendant's story is true, the jury might have inferred that in the detectives' allusions to the anger of the police captain at the defendant's adherence to his story of compulsion, in their allusions to the police captain's influence and the result that would follow from the defendant's failure to say that he went into the conspiracy of his own free will for money, even though that was untrue, there was implied a threat that the police captain's influence would be used to bring about the anticipated result. If the jury found that threat was implied and that the statement was made under the influence of fear produced by this threat then the statement was inadmissible. This was a question of fact and the trial justice was in error when he held that there was no evidence to sustain a finding that the statement should be disregarded on this ground.

We do not think that such error may be disregarded. The statement on its face was a confession of guilt. His story told on the witness stand was false if the statement was true. The jury was bound to weigh the one against the other and the defendant was entitled to a charge to the jury that they must disregard the statement com-

pletely if upon the evidence they found it was obtained under circumstances that would render it inadmissible under the statutory rule.

Placing our decision for reversal upon this ground we are not called upon to consider the other rulings which the defendant claims deprived him of a fair trial.

The judgment of conviction should be reversed and a new trial ordered.

HISCOCK, Ch. J., CARDOZO and McLAUGHLIN, JJ., concur; POUND, CRANE and ANDREWS, JJ., dissent.

Judgment reversed, etc.